IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOEL BREMER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 13-1226-CV-W-ODS |
| ) | |
| JEH JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION DISMISSING CASE WITHOUT PREJUDICE
FOR LACK OF JURISDICTION</u>

Pending are the parties' cross-Motions for Summary Judgment (Doc. # 12, Doc. # 16). For the reasons set forth below, the case is dismissed without prejudice for lack of jurisdiction.

I. <u>BACKGROUND</u>

Mr. Joel Bremer and Mrs. Ma Susan Bremer ("Plaintiffs") filed a class action complaint in this Court on December 20, 2013. Pursuant to the Immigration and Nationality Act ("INA"), Mr. Bremer, a United States citizen, filed an I-130 petition with United States Citizenship and Immigration Services ("USCIS") seeking to classify Mrs. Bremer, his foreign national spouse, as an immediate relative so she could become a lawful permanent resident. Under the Adam Walsh Act ("AWA"), USCIS may not approve I-130 petitions if the petitioner has been convicted of a qualifying crime, "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion" determines that the petitioner poses no risk to the beneficiary of the petition. 8 U.S.C. 1154(a)(1)(A)(viii)(I). In 2001, Mr. Bremer was convicted of an AWA qualifying crime. USCIS determined Mr. Bremer failed to show he posed "no risk" to Mrs. Bremer, the intended beneficiary of his petition, and for that reason denied his I-130 petition.

Plaintiffs allege in their Complaint that Defendants improperly denied their visa petitions pursuant to the AWA. Plaintiffs generally allege these improper denials

violated the Administrative Procedures Act ("APA") and various Constitutional provisions.

On October 10, 2014, the Court certified the action as a class action pursuant to Rule 23 (Doc. #27), defining the class as follows:

> Individuals residing within the jurisdiction of the United States District Court for the Western District of Missouri who (1) have been or will in the future be the petitioner of an I-130 visa petition filed on behalf of a spouse with USCIS or who have been or will be a beneficiary of an I-130 visa petition, and (2) for whose case USCIS has determined that 8 U.S.C. 1154(a)(1)(A)(viii)("the Adam Walsh Act" or "the AWA") applies based on a finding that the petitioner "has been convicted of a specified offense against a minor" and thus require a determination by the Secretary of Homeland Security that the petitioner "poses no risk" to the beneficiary, and (3) whose I-130 visa petition USCIS denied based on a determination by USCIS that the petitioner failed to establish that he or she poses no risk to the beneficiary.
>
> Also created is a separate limited class or "issues class," with respect to Count VI, consisting of those individuals described above who: (1) have had their I-130 denied, and (2) in whose case USCIS relied on a criminal conviction that was final on or before July 27, 2006 (the effective date of the AWA).

On August 8, 2014, Defendants filed their Motion for Summary Judgment (Doc. #12) and on September 2, 2014, filed their Suggestions in Opposition to Plaintiffs' Motion for Summary Judgment (Doc. #22), asserting therein that the Court lacks jurisdiction to review Plaintiffs' claims.

## II.  STANDARD

"[F]ederal courts are courts of limited jurisdiction." *Dakota, Minnesota & E.R.R. Corp. v. Schieffer*, 715 F.3d 712 (8th Cir. 2013) (citations omitted). The party invoking federal jurisdiction has the burden of establishing that it exists. *Id. See also*, *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013); *Bowe v. NW. Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

### III. DISCUSSION

#### A.

There are three broad categories of potential claims that can be raised regarding USCIS's "no risk determination" under the AWA: (1) review of the USCIS's discretionary decision on the merits that an individual petitioner failed to demonstrate he or she posed no risk to the intended beneficiary of his or her petition, (2) a petitioner's individual constitutional or legal claims that are specific to his or her petition process, and (3) collateral constitutional or legal claims that address the general manner in which the AWA program is implemented. Plaintiffs raise claims that fall within the first and third categories. While Plaintiffs contend they do not raise challenges that are individual in nature, the Court found in its October 10, 2014 Order that Counts I and III of Plaintiffs' Complaint implicated issues that fall within the first category.

Defendants argue this Court lacks jurisdiction to review all of Plaintiffs' claims pursuant to the judicial review scheme established in 8 U.S.C. § 1252(a)(2), which bars judicial review of the Secretary of Homeland Security's discretionary decisions and actions by declaring "no court shall have jurisdiction to review…(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" 8 U.S.C. § 1252(a)(2)(B)(ii). The statute further states that § 1252(a)(2)(B)(ii) should not "be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals…" *Id.* at § 1252(a)(2)(D).

This statutory scheme creates a sweeping bar of judicial review, but permits a party to raise constitutional claims or questions of law in a court of appeals. The Eighth Circuit held that Section 1252(a)(2)(D), "applies only to questions of law 'raised upon a petition for review filed with an appropriate court of appeals.' Thus, it does not grant jurisdiction to review questions of law in district court cases." *Abdelwahab v. Frazier*, 578 F.3d 817, 812 (8th Cir. 2009) (citations omitted).

The Court must determine whether the AWA language in § 1154(a)(1)(A)(viii) creates a discretionary decision or action, and thus, falls under the judicial review scheme found under § 1252(a)(2). This judicial review scheme applies to all

3

discretionary decisions or actions found under Subchapter II of the INA, which covers sections 1151-1381. The AWA provision at issue is found in § 1154(a)(1)(A)(viii). This AWA provision provides that an I-130 petition will not be granted if the petitioner "has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's *sole and unreviewable discretion*, determines that the citizen poses no risk to the alien with respect to whom" the petition is filed. 8 U.S.C. § 1154(a)(1)(A)(viii) (emphasis added). The statutory language "sole and unreviewable discretion" plainly and unambiguously creates a discretionary decision or action.

In *Abdelwahab v. Frazier*, the Eighth Circuit examined another INA provision – 8 U.S.C. § 1155 – to determine whether that provision created a discretionary decision or action that fell under the coverage of the § 1252(a)(2) judicial review scheme. 578 F.3d 817 (8th Cir. 2009). Section 1155 states, "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him..." The Eighth Circuit determined the language "'may' revoke…'at any time, for what he deems to be good and sufficient cause'" created actions "'specified [by statute] to be in the discretion of…the Secretary' within the meaning of § 1252(a)(2)(B)(ii), and therefore not subject to judicial review." *Abdelwahab*, 578 F.3d at 821. The language "sole and unreviewable discretion" found in Section 1154(a)(1)(A)(viii) establishes a discretionary decision or action even more unambiguously than the language at issue in *Abdelwahab*.

Consequently, § 1252 (a)(2)(B)(ii) and § 1252(a)(2)(D) control the judicial review of AWA decisions and actions. Section 1252(a)(2)(D) states without qualification that "constitutional claims or questions of law" are to be "raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). Consequently, Plaintiffs' legal and constitutional claims – individual and general – must be raised in accordance with Section 1252(a)(2)(D), and this Court does not have jurisdiction to review these claims.

<u>B.</u>

Plaintiffs rely on *McNary v. Haitian Refugee Center* to argue this Court retains jurisdiction to review their general legal and constitutional claims. 498 U.S. 479 (1991).

4

The review scheme at issue in *McNary* is not the same review scheme at issue in this case. *Compare* 8 § U.S.C. 1160(e) *with* 8 U.S.C. 1252(a)(2)(B) and (D). The scheme in *McNary* described the review process of individual denials of Special Agricultural Workers ("SAW") status applications. The statutory scheme only permitted judicial review of these denials in courts of appeals; district courts were precluded from reviewing these denials.

In examining the SAW review scheme, the *McNary* Court noted, "The critical words…describe the provision as referring only to review 'of a *determination* respecting *an application*' for SAW status. Significantly, the reference to 'a determination' describes a single act rather than a group of decisions or a practice or procedure employed in making decisions." *McNary*, 498 U.S. at 491-92 (emphasis in original) (citations omitted). This language focused singularly on the review of individual denials, and thus the Court determined this review scheme did not contemplate general constitutional challenges to the manner in which the SAW program was implemented. Because the review scheme did not contemplate how to review general constitutional challenges, the *McNary* Court held district courts were not foreclosed from reviewing these general constitutional challenges.

The *McNary* Court noted that if Congress had not intended for the judicial preclusion provision to be limited to individual denials, then "it could easily have used broader statutory language." 498 U.S. at 494. Here, the judicial review scheme is markedly different than the review scheme at issue in *McNary*. *Compare* 8 § U.S.C. 1160(e) *with* 8 U.S.C. § 1252(a)(2). The review scheme found in § 1252(a)(2) does not focus only on individual determinations, rather it relates to "any other decision or action." *Id*. at § 1252(a)(2)(B)(ii). Unlike the review scheme in *McNary*, § 1252(a)(2)(B)(ii) uses broad and general language. Thus, under the reasoning of *McNary*, § 1252(a)(2)(B)(ii) cannot be said to not contemplate general constitutional and legal challenges. Moreover, the review scheme under § 1252(a)(2) was enacted in 1996, several years after the Supreme Court issued the *McNary* decision.

Finally, the *McNary* statutory scheme focused only on the review of individual denials of SAW status applications, it did not address the review of legal and constitutional claims related to those denials – collateral or otherwise. Here, the

5

statutory scheme found in § 1252(a)(2) does address judicial review of legal and constitutional claims, stating that these types of claims should be reviewed in the appropriate court of appeals. Consequently, the *McNary* decision does not support Plaintiffs' contention that this Court retains jurisdiction to review Plaintiffs' claims.

C.

As discussed under Section III.A, the Court determined Plaintiffs raised individual issues in their Complaint under Counts I and III. Plaintiffs argue this Court retains jurisdiction to review these types of claims pursuant to the Board of Immigration Appeals ("BIA") decision, *Matter of Aceijas-Quiroz*. 26 I. & N. Dec. 294 (BIA 2014). The Court finds this BIA decision does not support Plaintiffs' argument.

As a preliminary matter, pursuant to § 1252(a)(2)(B)(ii) the Court does not have jurisdiction to review the USCIS's discretionary decision on the merits that an individual petitioner failed to demonstrate he or she posed no risk to the intended beneficiary of his or her petition. As discussed earlier in Section III.A, the AWA language in § 1154(a)(1)(A)(viii) creates a discretionary decision or action. Thus, § 1252(a)(2)(B)(ii) bars this Court's review of that type of claim.

Next, in *Matter of Aceijas-Quiroz*, the BIA only examined the language found in § 1154(a)(1)(A)(viii); significantly, the BIA did not examine the relationship between this provision and the judicial review scheme found under § 1252(a)(2). As discussed in Section III.A, § 1252(a)(2) governs the judicial review of decisions and actions under § 1154(a)(1)(A)(viii). Additionally, the issue before the BIA was not whether federal courts have jurisdiction to review USCIS's "no risk" determination, but whether the BIA has this jurisdiction. The BIA discussed federal court jurisdiction only in the context of analyzing whether the Board retained jurisdiction.

Finally, Plaintiffs appear to argue that because the BIA is controlled by the Attorney General, the Department of Justice determined in *Matter of Aceijas-Quiroz* that this Court does not lack jurisdiction to review Plaintiffs' individual claims. Consequently, Plaintiffs contend the Department of Justice cannot argue in this case that this Court lacks jurisdiction. The Court does not find this argument persuasive. A party cannot confer jurisdiction by agreement or otherwise if jurisdiction does not exist.

IV. CONCLUSION

For the foregoing reasons, the case is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED

                                             /s/ Ortrie D. Smith
                                             ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 17, 2014               UNITED STATES DISTRICT COURT