IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOEL BREMER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 13-1226-CV-W-ODS |
| ) | |
| JEH JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION (1) DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT, AND
(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending are cross-motions for summary judgment. For the following reasons, the Court denies Plaintiffs' motion for summary judgment (Doc. #44), and grants Defendants' motion for summary judgment (Doc. #51).

I. BACKGROUND

The Immigration and Nationality Act ("INA") permits any United States citizen to petition for a visa on behalf of a foreign-national spouse or child by filing a form I-130 with the United States Citizenship and Immigration Services ("USCIS"). 8 U.S.C. § 1154(a); *see* 8 C.F.R. § 204.1(a)(1). In 2006, Congress amended the INA by passing the Adam Walsh Child Protection and Safety Act of 2006 ("AWA"). Pub. L. No. 109-248, 120 Stat. 587. The law was passed "to protect the public from sex offenders and offenders against children." *Id.* Under the AWA, a petitioner may not file an I-130 petition if he or she has been convicted of a qualifying crime, "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion" determines the petitioner poses no risk to the petition's beneficiary. 8 U.S.C. § 1154(a)(1)(A)(viii)(I). The petitioner and beneficiary bear the burden of proving eligibility under the INA. 8 U.S.C. § 1361.

Mr. Joel Bremer and Mrs. Ma Susan Bremer ("Plaintiffs") filed a class action complaint in this Court on December 20, 2013. Mr. Bremer, a United States citizen, had

twice filed I-130 petitions with USCIS seeking to classify Mrs. Bremer, his foreign national spouse, as an immediate relative so she could become a lawful permanent resident. Each petition was rejected because Mr. Bremer was convicted of an AWA qualifying crime, sexually abusing his eleven-year-old daughter, in 2001.

The first petition, filed in 2009, was assigned a file number. After a background check revealed his prior conviction for sexual abuse, Mr. Bremer received a "Request for Evidence and Notice of Intent to Deny." In a reasoned five-page letter, the USCIS explained Mr. Bremer failed to show he posed "no risk" to Mrs. Bremer, the intended beneficiary of his petition, and accordingly, denied his I-130 petition. The second petition, filed in 2011, was assigned a file receipt number. Mr. Bremer provided additional evidence, but the USCIS again denied Mr. Bremer's I-130 petition. USCIS provided a form with which Mr. Bremer could appeal the decision to the Board of Immigration Appeals, but Mr. Bremer did not appeal the decision.

Plaintiffs alleged Defendants improperly denied their visa petitions pursuant to the AWA in violation of the Administrative Procedures Act ("APA") and various Constitutional provisions. The Court certified the action as a class action pursuant to Rule 23. Doc. #27. After considering the parties' cross-motions for summary judgment, the Court determined the AWA's statutory language giving the Secretary "'sole and unreviewable discretion' plainly and unambiguously creates a discretionary decision or action." Doc. #28, at 4. Accordingly, the Court dismissed the complaint for lack of jurisdiction. *Id.*, at 7.

Plaintiffs appealed the Court's determination. Doc. #30. The Eighth Circuit affirmed in part, reversed in part, and remanded to this Court for further proceedings. *Bremer v. Johnson*, 834 F.3d 925, 927 (8th Cir. 2016). The Eighth Circuit remanded for further consideration only the question relevant to Count II of Plaintiffs' Complaint – "whether Mr. Bremer's petition has already been filed, and if so, whether Clause (viii) is inapplicable" – because the question is a predicate legal question over which this Court has jurisdiction. *Id.*, at 929-930. The parties' filed cross-motions for summary judgment on this question (Docs. #44, 51), and the matter is now ripe for the Court's consideration.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

The parties agree on the facts in this matter. As described above, Mr. Bremer's I-130 petition was denied by USCIS on two separate occasions because the Secretary determined Mr. Bremer posed a risk to the intended beneficiary of his I-130 petition. The parties do not agree on the predicate legal question remanded to this Court by the Eighth Circuit – to wit, "whether Mr. Bremer's petition has already been filed, and if so, whether Clause (viii) is inapplicable." Defendants interpret the AWA, specifically 8 U.S.C. § 1154(a)(1)(A)(viii)(I) as it amended the INA, to require review of a petitioner's past criminal conviction only after the USCIS initially accepts an I-130 petition from a United States citizen. Plaintiffs argue this interpretation is an ultra vires interpretation inconsistent with the AWA's plain language. Rather than allow review of a petitioner's past criminal conviction, Plaintiffs argue the I-130 petition is deemed "filed" when the

USCIS accepts the petition, at which point the AWA no longer applies, and the petition should only be adjudicated pursuant to 8 U.S.C. § 1154(b)'s guidance for approval of a visa application.

In 2008, Acting Associate Director of USCIS Donald Neufeld issued a memorandum regarding adjudication of AWA cases. Doc. #1-2. In relevant part, the memorandum stated:

> The statute states that a petitioner convicted of any specified offense against a minor is prohibited from filing a family-based petition. As a practical matter, however, we need to accept the petition and conduct the necessary analysis to determine whether the AWA provisions apply. Depending on the outcome of that analysis, the petition will be adjudicated accordingly.

*Id.* at 4. The USCIS developed a multi-step process for adjudicating an I-130 petition involving an AWA determination. First, a petitioner mails the form to a USCIS lockbox in Chicago, Illinois, or Phoenix, Arizona. Upon receipt, lockbox staff verifies the petition is signed, and has the correct fee included. The lockbox staff "consists largely of contractor staff that is neither authorized nor trained to make any determination beyond whether a petition is signed by the correct party and whether the correct fee was presented. The lockbox staff possesses no substantive knowledge of immigration law or adjudications' criteria." Doc. #51-1, at 3. If the form is signed and includes the correct fee, a lockbox staffer assigns the petition a file number, enters the case into national and local file-tracking systems, and forwards the petition to an appropriate USCIS division. Second, after receipt at a divisional office, background staff checks petitioner's name in law-enforcement databases. If the background check reveals a crime requiring further review under the AWA, the file is forwarded to the USCIS Vermont Service Center. It is only at this point that a specially trained "AWA adjudicator" reviews the file to weigh whether the petitioner poses a risk to the intended beneficiary of the petition. Before making a final determination, the AWA adjudicator may, as the adjudicator did in Mr. Bremer's case, request further evidence. An average AWA case takes about seven hours to adjudicate, but a typical I-130 petition requires only about a half hour of staff time.

The Eighth Circuit has held agency action beyond authority delegated to it by statute must be invalidated. *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*,

4

132 F. 3d 1252, 1257 (8th Cir. 1998). Agency action may be upheld if the Court can "reasonably conclude" a statute grants authority to the agency to engage in its chosen course of conduct. *Id.* To determine whether agency action is permissible, the Court applies the familiar two-step framework established by *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). In the first step, the Court asks whether the intent of Congress is clear as to the precise question at issue. *Hawkins v. Cmty. Bank of Raymore*, 761 F.3d 937, 940 (8th Cir. 2014) (citation omitted). If the Court, using traditional tools of statutory construction, determines Congress's intent is clear, the inquiry ends, and the Court applies the statute. *Id.* If a statute is silent or ambiguous regarding the precise question at issue, the Court proceeds to the second step and considers whether the agency's interpretation or action is reasonable in light of the statutory framework. *Id.*, at 940-41.

(A)

Congress's intent in passing the AWA is "to protect the public from sex offenders and offenders against children." Pub. L. No. 109-248, 120 Stat. 587. Plaintiffs acknowledge this. Doc. #44, at 4 ("The AWA amended the federal Immigration statute to prevent individuals convicted of certain crimes against minors from petitioning for visas for their immediate relatives."). Whether an I-130 petition is "filed," "submitted," or assigned a "file number" or "file receipt number," Congress's intent in preventing those convicted of a specified offense against a minor from obtaining a visa for an immediate relative is clear and unambiguous. The petitioning procedure described in 8 U.S.C. § 1154(a)(1)(A)(i) "shall not apply" to a citizen convicted of a specified offense "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk" to the intended beneficiary. 8 U.S.C. § 1154(a)(1)(A)(viii)(I). Moreover, the language of Clause (viii)(I) contemplates review of an I-130 petition after it is filed because the Secretary is given "sole and unreviewable discretion" to make a determination about any risks posed to the intended beneficiary with respect to which the petition is filed. Nothing in this provision requires the Secretary to make this determination prior to the filing of a petition; rather, the statute unmistakably contemplates a review of the materials.

After weighing the evidence, which this Court does not have jurisdiction to review given the Secretary's "sole and unreviewable discretion," Mr. Bremer's petitions were denied because he has an AWA qualifying conviction. Whether Mr. Bremer's application is considered "filed" or not, it is clear Congress intended Clause (viii)(I) to apply to Mr. Bremer's petition. Mr. Bremer's application is precisely the scenario Congress spoke to in passing Clause (viii)(I) as part of the AWA. The literal reading advocated by Plaintiffs, that the AWA no longer applies once an I-130 petition is received or "filed" with USCIS by simply mailing the form and payment to a lockbox, would eviscerate the purpose of the AWA. The Court, finding Congress's intent in prohibiting citizens with specified offenses against a minor from filing a visa petition for an immediate relative is clear, rejects Plaintiffs' arguments that would allow a contrary result. Accordingly, the Court denies Plaintiffs' motion for summary judgment, and grants Defendants' motion for summary judgment.

(B)

Even if the Court were to find Clause (viii)(I) ambiguous, the Court would reject Plaintiffs' challenge to the USCIS's interpretation and application of the AWA. *Chevron*'s second step requires the Court to ask whether an ambiguous statute is given a reasonable construction by an agency. *Hawkins*, 761 F.3d at 941. The agency's interpretation is given "considerable weight," and is only set aside if it is "arbitrary, capricious, or manifestly contrary to the statute." *Estrada-Rodriguez v. Lynch*, 825 F.3d 397, 403-04 (8th Cir. 2016). Clause (viii)(I) contemplates review of an I-130 petition by the Secretary to determine whether a citizen has been convicted of an AWA qualifying offense, and if so, whether the citizen poses a risk to the intended beneficiary.

Consideration of an I-130 petition in a manner that evades or ignores Clause (viii)(I), as Plaintiffs advocate, strikes this Court as an unreasonable interpretation of the statute. Instead, the USCIS developed a process to evaluate and consider a petitioner's I-130 petition. This process allows the Secretary to exercise his or her "sole and unreviewable discretion" in ensuring those with a specified offense against a minor are not granted visas for their relatives in contravention of the AWA. Because reviewing the file, and background check process involved in an AWA case requires more than

cursory acceptance of a petition, the USCIS is not situated to meet the AWA's goals by simply accepting without investigating a "filed" petition. The process developed and implemented by the USCIS achieves the purpose of the AWA.

The Court also notes the additional value of the process developed by the USCIS. If there is an ambiguity or question about a petitioner, even with the Secretary's "sole and unreviewable" discretion, the USCIS developed a process in which an AWA adjudicator, specially trained in AWA cases as opposed to lockbox staff contractors untrained in AWA cases, could provide a petitioner with opportunity for notice and comment, consistent with due process principles. The thorough review and reasoned denial also provides a petitioner with an opportunity for judicial review. *See Reno v. Catholic Servs.*, Inc., 509 U.S. 43, 64 (1993) (avoiding an interpretation that would bar front-desked applicants from obtaining judicial review).[1] Plaintiffs argue there are many ways in which USCIS can comply with the statute, but the Court finds the USCIS's process is not "arbitrary, capricious, or manifestly contrary to the statute." The process is imminently reasonable, and is consistent with the AWA's purpose. For this additional reason, applying step two of *Chevron*, the Court would deny Plaintiffs' motion for summary judgment, and grant Defendants' motion for summary judgment.

## IV.  CONCLUSION

For the above reasons, the Court denies Plaintiffs' motion for summary judgment (Doc. #44), and grants Defendants' motion for summary judgment (Doc. #51).

IT IS SO ORDERED

                                                      /s/ Ortrie D. Smith
                                                      ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 31, 2017                    UNITED STATES DISTRICT COURT

---

[1] As noted above, Mr. Bremer received a form to appeal the denial of his I-130 petition, but did not appeal to the Board of Immigration Appeals.